**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO PABLO,

Petitioner - Appellant,

v.

W.L. MONTGOMERY, Warden,

Respondent - Appellee.

No. 14-16128

D.C. No. 3:13-cv-00627-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California state prisoner Sergio Pablo appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2254 habeas corpus petition.   We have

jurisdiction under 28 U.S.C. § 2253.   We review de novo a district court's denial of

a habeas corpus petition, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Pablo contends that the trial court violated his rights to a fair trial and impartial jury by denying his motion for a new trial based on alleged juror misconduct. In light of the nature of the extrinsic evidence to which the jury was exposed, the overwhelming evidence of guilt, and the record as a whole, Pablo has not shown that any alleged juror misconduct had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993) (internal quotations omitted); *Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000) (enumerating factors in determining prejudice from jurors' exposure to extrinsic evidence). Accordingly, the state court's conclusion that Pablo was not entitled to a new trial was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**